1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE WALLACE, | No. 2:18-cv-2768 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

      On July 2, 2020, defendants filed a notice of motion for protective order, motion, and memorandum of points and authorities in support.  (ECF No. 39.)  The motion was "based . . . upon the memorandum of points and authorities . . . which contains the same information as defendants' contentions in the upcoming joint statement re: discovery disagreement[.]"  (Id. at 2.)  On July 7, 2020, the parties filed a stipulation to hear defendants' motion on shortened time because plaintiff's deposition is set for July 20, 2020, and discovery closes in this action on July 31, 2020.  (ECF No. 40.)  And on July 8, 2020, the parties field a Joint Statement re: Discovery Disagreement.  (ECF No. 41.)

      On July 13, 2020, the undersigned issued an order denying the parties' stipulation to hear defendants' motion on shortened time.  Therein, the undersigned advised the parties of numerous procedural errors.  Specifically, the undersigned advised the parties that Local Rule 251(a) provides that discovery motions may be heard by filing a notice of motion and motion scheduling

the hearing date. "No other documents need be filed at this time." Local Rule 251(a). And that Local Rule 251(c) provides that, if after filing notice of the motion and continued meet and confer efforts the moving party is still dissatisfied, the parties shall draft and file a "Joint Statement re Discovery Disagreement." "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." (Id.) In this regard, defendant should not have filed a memorandum in support of the motion for protective order.

The July 13, 2020 order also advised that parties that the Joint Statement reflected that the parties' last meet and confer was "on July 1, 2020," prior to the filing of the notice of motion and to the filing of the Joint Statement re: Discovery Disagreement. (ECF No. 41 at 2.) The undersigned's Standard Information re discovery disputes set forth on the court's web page explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

In drafting the order issued on July 13, 2020, the undersigned contemplated denying defendant's motion for a protective order at that time due to these procedural errors. The undersigned, however, elected to leave the matter on calendar to provide the parties an opportunity to remedy these defects. The undersigned anticipated that the parties might elect to file a supplemental Joint Statement acknowledging these errors, informing the court that the parties had engaged in additional meet and confer to comply with the undersigned's Standard Information, requesting that the supplemental Joint Statement serve as the sole briefing of the parties' dispute without reference to any previously filed documents, and providing the court with updated briefing on the current nature of the parties' dispute. That did not happen. The parties, apparently, have elected to stand on the current defective procedures and briefing.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's July 2, 2020 motion for a protective order (ECF No. 39) is denied without prejudice to renewal; and

2. The July 24, 2020 hearing of defendant's motion is vacated.

Dated: July 20, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\wallace2768.mtc.den.meet.ord