UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE WALLACE, | Case No. 2:18-cv-02768-JAM-DB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** |
| NATIONSTAR MORTGAGE, LLC, individually and dba MR. COOPER, CENTREX HOME EQUITY, LLC, THE BANK OF NEW YORK MELLON, THE MORTGAGE LAW FIRM, and DOES 1-100, inclusive, | |
| Defendants. | |

On December 7, 2020, the Court granted in part and denied in part Denise Wallace's ("Plaintiff") motion for summary judgment and granted in part and denied in part The Bank of New York Mellon and Nationstar Mortgage, LLC's ("Defendants") cross-motion for summary judgment. See Order, ECF No. 65. The Court granted summary judgment for Defendants and against Plaintiff on all of her claims against them. Id. In addition, the Court granted summary judgment for Plaintiff and against Defendants on their counterclaims against her. Id.

Defendants now seek $58,103.27 in attorneys' fees pursuant to the contract between the parties. See Mot. Fees ("Mot."), ECF. No.

1

68. Defendants also seek $1,966.02 in costs pursuant to 28 U.S.C. § 1924 and Federal Rule of Civil Procedure 54(d)(1). See Bill of Costs, ECF No. 67. For the reasons stated below, the Court GRANTS Defendants' motion and awards Defendants $51,914.77 in attorneys' fees and $1,872.30 in costs.[1]

## I. OPINION

### A. Request for Judicial Notice

Defendants request that the Court take judicial notice of the following documents: (1) the Adjustable Rate Note signed by Plaintiff, dated August 24, 2004; (2) the Deed of Trust which secured the subject note and encumbered the parcel of real property at 8194 Treecrest Avenue, Fair Oaks, California 95628, dated August 24, 2004, and recorded with the Sacramento County Recorder on August 31, 2004; and (3) a copy of the Assignment of Deed of Trust which assigned the subject deed of trust to The Bank of New York Mellon, recorded with the Sacramento County Recorder as Document No. 201804200150. See Defs.' Req. for Judicial Notice ("RJN"), ECF No. 70. Plaintiff does not oppose this request.

The above documents are matters of public record, and, therefore, proper subjects of judicial notice. The Court GRANTS Defendants' request for judicial notice.

### B. Attorneys' Fees

#### 1. Legal Standard

Generally, the prevailing litigant is not entitled to collect reasonable attorneys' fees from the losing party. Travelers Cas. &

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 23, 2021.

2

Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007). However, a statute or enforceable contract allocating attorneys' fees can overcome this rule. Id. "State law governs the enforceability of attorneys' fees in contract provisions." Gilbert v. Wold Sav. Bank, FSB, 2011 WL 995966, at *1 (N.D. Cal. 2011) (citing Sec. Mortgage Co. v. Powers, 278 U.S. 149, 154 (1928)). California allows parties to allocate attorneys' fees by contract. Id. (citing Cal. Code Civ. P. § 1021).

When determining whether and how attorneys' fees should be awarded under a contract, California Civil Code § 1717 applies. Winding v. Wells Fargo Bank, 2012 WL 603217, at *10 (E.D. Cal. 2012) (citing Sears v. Baccaglio, 60 Cal.App.4th 1136, 1157 (1998)). It provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). It further provides that "[r]easonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." Id. To be a prevailing party, "the party must have received an enforceable judgment on the merits." U.S. v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009).

Courts decide the reasonableness of attorneys' fees by engaging in a two-step process. First, the amount of a reasonable fee is determined by multiplying the number of hours reasonably

expended on the litigation by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). This total, the "lodestar" amount, yields a presumptively reasonable fee. <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1202 (9th Cir. 2013). Second, the Court decides whether to adjust the lodestar figure upward or downward pursuant to a variety of factors. <u>Id.</u> at 1209.

Those factors include: (1) time and labor required; (2) novelty and difficulty of questions involved; (3) skill requisite to perform legal service properly; (4) preclusion of other employment by attorney due to acceptance of the case; (5) customary fee; (6) time limitations imposed by client or circumstances; (7) amount involved and results obtained; (8) experience, reputation, and ability of attorneys; (9) nature and length of professional relationship with client; and (10) awards in similar cases. <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975).

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011). Thus, the Court may consider its "overall sense of a suit and may use estimates in calculating and allocating an attorney's time." <u>Id.</u>

2. <u>Analysis</u>

Defendants argue that they are entitled to attorneys' fees because: (1) the adjustable rate note and the deed of trust contain contractual attorney's fees provisions; (2) they are the prevailing party; and (3) the attorney's fees are reasonable. <u>See</u> Mot. at 3-9. Plaintiff contends that the provisions are not enforceable, do not mutually apply to the parties, and are ambiguous. <u>See</u> Opp'n at

4

5-8, ECF No. 82. Plaintiff also disputes that Defendants are the prevailing party. Id. at 8-9.

### a. Attorney's Fees Provisions

The adjustable rate note and the deed of trust signed by Plaintiff both included fees clauses. The adjustable rate note provided at paragraph (7)(E) that, the note holder—Defendants—"will have the right to be paid back by [the borrower]"—Plaintiff—"for all of [their] costs and expenses in enforcing this Note to the extent not prohibited by applicable law." Adjustable Rate Note at 5, Ex. A to RJN, ECF No. 70-1. It goes on to specify that, "[t]hose expenses include, for example, reasonable attorney's fees." Id. The deed of trust contained an attorney's fees provision under the Loan Charges section at paragraph 14. It states: "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorney's fees . . . ." Deed of Trust at 11, Ex. B to RJN, ECF No. 70-2.

These clauses are applicable to the instant lawsuit. Plaintiff's lawsuit affected Defendants' rights in the property because Plaintiff sued Defendants for breach of contract, slander of title, and infliction of emotional distress. California Civil Code § 1717 applies only in an action "on a contract." "The meaning of 'on a contract' has been liberally construed to mean any action involving a contract for the purposes of [§] 1717." Gilbert, 2011 WL 995966, at *2 (citing Turner v. Schultz, 175 Cal.App.4th 974, 979-80 (2009)). Plaintiff's claim for breach of contract is unquestionably "on a contract."

As is the slander of title claim because it was, in effect, a challenge to the underlying validity of the obligation. See Siligo v. Castellucci, 21 Cal.App.4th 873, 878 (1994) ("California law is settled that an obligation to pay attorney['s] fees incurred in the enforcement of a contract includes attorney's fees incurred in defending against a challenge to the underlying validity of the obligation."). Insofar as the emotional distress claims are concerned, they were based solely on Defendants' allegedly wrongful foreclosure proceedings, which stemmed from Defendants' alleged breach of Plaintiff's loan modification agreement. They are, therefore, inextricably intertwined with the contract claims. See Nguyen v. Wells Fargo Bank, N.A., 2011 WL 9322, at *3 (N.D. Cal. 2011) ("All of Plaintiff's claims are inextricably intertwined with the contract claims and fees need not be apportioned claim by claim.").

The Court finds Plaintiff's argument regarding the mutual application of the provisions is without merit. See Opp'n at 6-7. Plaintiff argues that, because the provisions in the adjustable rate note and deed of trust only authorize attorney's fees in favor of the lender, they are invalid. Id. However, this is not true where attorney's fees are awarded pursuant to California Civil Code § 1717. Section 1717(a) specifies that, where the contract provides that attorney's fees and costs incurred to enforce the contract "shall be awarded either to one of the parties or the prevailing party, then the [prevailing party] on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). Thus, if the Court had

determined Plaintiff was the prevailing party, she would have been entitled to attorneys' fees even where the relevant provisions arguably apply only to the lender. See Scott Co. of Cal. v. Blount, Inc., 20 Cal.4th 1103, 1113-14 (1999) ("The goal of section 1717 is full mutuality of remedy between parties to a contract, whether plaintiff or defendants, in the matter of attorney['s] fees.").

In sum, Plaintiff's lawsuit was based on a contract arising from the adjustable rate note and deed of trust. Enforceable and unambiguous provisions within both allow for the recovery of attorneys' fees. Thus, Defendants may be awarded attorneys' fees incurred to defend against the challenge so long as they are the prevailing party and the fees are reasonable.

                    b.   Prevailing Party

Plaintiff argues Defendants are not entitled to an award of attorneys' fees because they are not the prevailing parties in this action. Opp'n at 8-9. The Court disagrees. Plaintiff asserted multiple claims for relief against Defendants, arguing the promissory note and deed of trust were not the applicable loan documents between the parties. See generally First Am. Compl. ("FAC") ¶¶ 26-29, ECF No. 10. The Court granted summary judgment in Defendants' favor on all of Plaintiff's claims against them. See Order, ECF No. 65. While Defendants did not prevail on their counterclaims for fraud and unjust enrichment against Plaintiff, see id., this is of no consequence. Where claims and counterclaims arise in connection with a contract containing attorney's fees provisions, the party who obtains a favorable judgment is deemed the prevailing party, even if it did not obtain all the relief

which it sought in the action. Epstein v. Frank, 125 Cal.App.3d 111, 124 (1981). Defendants, in defeating Plaintiff's affirmative claims against them, obtained the favorable judgment here. As the prevailing parties they are entitled to reasonable attorneys' fees.

### c. Reasonableness

Turning to the reasonableness of the requested attorneys' fees, the declarations of Natalie L. Winslow and Michele Zerr include a breakdown of the billing rates and qualifications of the attorneys and staff who worked on the matter from Akerman LLP and Reed Smith LLP, respectively. See Winslow Decl., ECF No. 71; Zerr Decl., ECF No. 72. Reed Smith LLP acted as counsel for Defendants in this matter from its inception until February 4, 2020, when Akerman LLP was substituted as counsel. See ECF Nos. 31, 32. A detailed breakdown of the legal services provided by each firm is included as exhibits to the declarations. See Ex. A to Winslow Decl., ECF No. 71; Ex. A to Zerr Decl., ECF No. 72. Plaintiff does not dispute the reasonableness of the attorney's fees requested.

The Court has nonetheless closely reviewed the declarations and their attached billing statements. It finds that the hours billed by Defendants' attorneys are reasonable. However, the hourly rates are somewhat inconsistent. Reed Smith LLP lists the following personnel as having rendered billable legal services in the defense against Plaintiff's action:

(1)  Michele Zerr, J.D., $200 per hour;
(2)  Abraham Colman, J.D., $405 per hour;
(3)  Le Duong, J.D., $305 per hour;
(4)  Raffi Kassabian, J.D., $305 per hour;
(5)  Marian Kennady, J.D.; $200 per hour;

1      (6)  Barbara Moskovitz, paralegal; Christopher Hansen, case
2           assistant; and Kevin Hernandez, paralegal, $175 per hour.
3  Zerr Decl. ¶¶ 4-10.  In terms of experience, each of the attorneys
4  is cited as having "multiple years" of litigation experience
5  defending financial institutions, lenders, and mortgage servicers.
6  Id.  Given that each attorney is described as having the same
7  amount of experience with this type of action, the Court finds the
8  disparities in their hourly rates inappropriate.  As such, the
9  Court lowers Colman's hourly rate to $305.  This is a reasonable
10 rate for the Eastern District of California.  See Winding v. NDEX
11 West, LLC, 2011 WL 5244335, at *5 (E.D. Cal. 2011) ("The court
12 finds that the rate of $325 per hour for the services of a lead
13 attorney with 30 years experience is within the range normally
14 billed in the Fresno area for legal services in cases such as
15 this.").  The Court also lowers the hourly rate of the paralegals
16 and case assistant to $110 per hour.
17     Akerman LLP lists the following personnel as having rendered
18 billable legal services in this action:
19   (1)  Natalie Winslow, J.D., $350 per hour;
20   (2)  Justin Balser, J.D., $350 per hour;
21   (3)  Katalina Baumann, J.D., $265 per hour;
22   (4)  Elizabeth Streible, paralegal; and Amanda Herrera,
23        paralegal, $110 per hour.
24 Winslow Decl. ¶¶ 4-8.  Winslow is cited as having ten years of
25 litigation experience, with nine years spent specializing in the
26 defense of financial institutions, lenders, and mortgage servicers.
27 Id. ¶ 7.  Balser is cited as having twenty years of litigation
28 experience specializing in defending financial institutions,

lenders, and mortgage servicers. Id. ¶ 5. Baumann is cited as having "multiple years" of litigation experience defending financial institutions, lenders, and mortgage servicers. Id. ¶ 6. Considering Balser has significantly more experience than Winslow, the Court lowers Winslow's rate to $305 per hour. The rates of all the other attorneys and staff remain the same.

Accordingly, for the attorneys and staff with reduced hourly rates, the lodestar is as follows:

| Individual | Hours | Rate | Total |
|---|---|---|---|
| Colman | 1.4 | $305.00 | $ 427.00 |
| Moskovitz | 1.6 | $110.00 | $ 176.00 |
| Hansen | 0.5 | $110.00 | $ 55.00 |
| Hernandez | 2.4 | $110.00 | $ 572.00 |
| Winslow | 117.9 | $305.00 | $35,959.50 |

As a result, Colman's fees are reduced by $140; Moskovitz's fees are reduced by $104; Hansen's fees are reduced by $32.50; Hernandez's fees are reduced by $338; and Winslow's fees are reduced by $5,305.50. Reed Smith LLP also billed $43.50 for work done by Teresa Ingram, who is not accounted for in the declaration. That amount will also be subtracted from the attorneys' fees. Accordingly, Reed Smith LLP's reasonable attorneys' fees amount to $14,002.67 and Akerman LLP's reasonable attorneys' fees amount to $36,387.10, for a total of $50,389.77 in attorneys' fees already incurred. The reasonable attorneys' fees incurred by Akerman LLP in drafting the instant motion and associated documentation amount to $1,525 ($305 per hour x 5 hours). The Court finds the total amount of recoverable attorneys' fees incurred by Defendants is $51.914.77.

///

C.  Costs

28 U.S.C. § 1924 and Federal Rule of Civil Procedure 54(d)(1) allow for the prevailing party to recover costs.  Taxed costs may include the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).  Federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920 when taxing expenses as costs.  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

For the reasons set forth above, Defendants are the prevailing party and their request for taxable costs was timely.  See E.D. Cal. L.R. 292(b) (specifying that a bill of costs must be filed within 14 days of the entry of judgment); ECF No. 66 (judgment entered on December 7, 2020); ECF No. 67 (bill of costs submitted on December 21, 2020).  Defendants seek $1,966.02 in costs.  See Bill of Costs.  Those costs are composed of fees for: deposition

11

transcripts ($1,000), postage ($39.14), copies ($350), transcription ($572.30), and document retrieval ($4.58). Aff. in Supp. of Costs at 4, ECF No. 67-1.

Plaintiff objects to several of the costs listed. See Objs. to Defs.' Bill of Costs ("Objs."), ECF No. 75. First, Plaintiff objects to the postage costs. Objs. at 2-3. Postage costs are not taxable under 28 U.S.C. § 1920. But one of the costs objected to by Plaintiff as a postage cost is primarily a copying cost: "Delivery and copies from Akerman to Spinelli, Donald, Nott re: deposition of Edward Hyne." See Objs. at 3. The cost of copying materials is taxable under 28 U.S.C. § 1920. And Plaintiff's other objection to this cost is without merit. Id. However, embedded in the total cost of those copies is a $50 shipping cost. That amount will be deducted from the $350 total. The other $39.14 in accurately categorized postage costs will also be deducted from the Bill of Costs.

Next, Plaintiff objects to the data retrieval costs. These costs are similarly not taxable under 28 U.S.C. § 1920. As a result, the Court denies Defendants $4.58 in data retrieval costs. Finally, Plaintiff objects to part of the cost of her own deposition. See Objs. at 3. This objection is without merit. The cost of deposition transcripts is taxable under 28 U.S.C. § 1920.

Accordingly, only postage and data retrieval costs are deducted from the Bill of Costs. The Court GRANTS Defendants $1,872.30 in costs.

## II. ORDER

For the reasons set forth above, the Court GRANTS Defendants'

Motion for Attorneys' Fees and Costs.  The Court awards Defendants $51,914.77 in attorneys' fees ($14,002.67 for Reed Smith, LLP and $37,912.10 for Akerman, LLP) and $1,872.30 in costs.

　　　IT IS SO ORDERED.

Dated: April 21, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE